

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00074-CR

**CHAZ ANTHONY PHILLIP JONES,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 413th District Court**
**Johnson County, Texas**
**Trial Court No. F50789**

## MEMORANDUM OPINION

Chaz Anthony Phillip Jones pled guilty to the offense of Possession of a Controlled Substance under 1 gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2011). After a bench trial on punishment, the trial court sentenced Jones to 2 years in State Jail, suspended the sentence, and placed Jones on community supervision for 2 years.

Jones's appellate attorney filed a motion to withdraw and an *Anders* brief in support of the motion to withdraw, asserting that the appeal presents no issues of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Counsel advised Jones that counsel had filed the motion and brief pursuant to *Anders*, advised Jones of his right to review the record, and advised Jones of his right to submit a response on his own behalf. Jones did not submit a response.

Counsel asserts in the *Anders* brief that counsel has made a thorough review of the entire record, including the indictment, the guilty plea, and the punishment assessed. After the review, counsel concludes there is no non-frivolous issue to raise in this appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record and the *Anders* brief, we have determined that this appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's Judgment—Conviction—Court (Waiver—Jury Trial) signed on August 9, 2017.

Should Jones wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration has been overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Jones is granted, and counsel is discharged from representing Jones. Notwithstanding counsel's discharge, counsel must send Jones a copy of our decision, notify him of his right to file a pro se petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins[1]

Affirmed

Motion granted

Opinion delivered and filed February 27, 2019

Do not publish

[CR25]



---

[1] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).